## KLOCK VS. THE STATE.

*April 17 — May 15, 1884.*

CRIMINAL LAW AND PRACTICE. *Leading questions: Discretion.*

1. A question which assumes the existence of a fact essential to a conviction, when there is no evidence of such fact, is objectionable as being leading.
2. The admission, upon a trial for an attempt to produce an abortion or miscarriage, of a question which assumed that the woman had been pregnant (no evidence of that fact having been given) is *held* not to have been a proper exercise of the discretion of the court; and a judgment of conviction is reversed.

ERROR to the Circuit Court for *Fond du Lac* County. The case is stated in the opinion.

Klock vs. The State.

For the plaintiff in error there was a brief by *Spence &
Miner*, and oral argument by *Mr. Spence*.

*H. W. Chynoweth*, Assistant Attorney General, for the
defendant in error.

Lyon, J. An information was duly preferred against the
plaintiff in error, under sec. 4583, R. S., charging that on
July 12, 1882, he advised and procured one Maria June, a
female alleged then to have been pregnant with child, to
take certain medicines and drugs, with intent thereby to
procure the miscarriage of said Maria. He was tried and
convicted on such information, and sentenced to pay a fine.
A motion for a new trial was denied.

The female named in the information was produced on the
trial by the prosecution as a witness, and gave testimony in
the case. She was the first witness examined. After testi-
fying to her age and residence, and that she was unmarried,
the district attorney propounded to her the following ques-
tion: "How long after you found, yourself, that you became
pregnant, was it until you informed *Mr. Klock*, if you did
inform him? State the fact; state whether you told *Mr.
Klock* your condition." The question was objected to as
leading. The objection was overruled by the court, and, the
substance of the question having been repeated, the witness
answered that about the 4th of July she told the plaintiff
in error that she was in a family way.

The offense charged can only be committed in respect to
a pregnant woman, and the burden was upon the prosecu-
tion to show that the female named in the information was
actually pregnant when the alleged advice was given. When
the above question was put to the witness, no testimony
tending to show that she had been or was in that condition
had been given or offered. Thus, without proof, the ques-
tion assumed her pregnancy as a fact, and her answer thereto
was given upon that assumption.

It requires no argument or citation of authorities to show that a question which assumes the existence of a fact essential to a conviction, when there was no evidence that the fact ever existed, is entirely inadmissible.

The accused may have been, probably was, prejudiced by the allowance of the question in the form in which it was put to the witness. The question and answer would naturally tend to impress the minds of the jurors with the idea that the witness had been pregnant, and it is quite possible that the jury may have found the accused guilty on less conclusive evidence than they would have required had their minds not been thus impressed.

But it is urged that the question was only objected to as leading — not because it was incompetent,— and the plaintiff in error must be confined to the specific objection which he made. The question is leading, as are all questions to a witness which assume the existence of facts material to the issue, which have not been proved. 1 Greenl. on Ev., § 434; 1 Starkie on Ev. (10th ed.), 197; *Turney v. State*, 8 Smedes & M., 104. Hence the specific objection was well taken, and ought to have been sustained.

But it is sometimes said that it rests in the sound discretion of the trial court to allow leading questions to be put to witnesses, and that error cannot be assigned on the rulings in that behalf. It is undoubtedly the law that if a witness appears to be hostile to the party producing him, or unwilling to give evidence, it is in the discretion of the court to allow leading questions to be put to him, and in such cases error cannot, in general, be assigned upon the ruling. 1 Greenl. on Ev., § 435. But here the witness does not appear to have manifested any hostility to the prosecution, or any unwillingness to testify. She seems to have answered all interrogatories freely and fully, and showed no disposition to shield the accused.

The witness was not asked whether she had been preg-

nant, and did not testify that she had ever been in that condition; yet the theory of the prosecution is that she had a miscarriage between three and four months after she became pregnant. All of the medical testimony is to the effect that at that stage of pregnancy the fœtus is well formed,— as one physician testified, " with limbs, fingers, toes, sex, mouth, nose, and eyes distinct and perfect." Surely, if the witness had a miscarriage at that period she would know it and be able to testify to it.

The testimony tending to show that she was ever with child is very inconclusive and unsatisfactory, and in view of the fact that she did not testify to her pregnancy, it is difficult to see how the jury could have found that her pregnancy was proved beyond a reasonable doubt, unless they gave undue weight to her statement that she told the accused she was with child.

Under all the circumstances of the case, we think the ruling of the court permitting the above question to be put to the .female witness was not a proper exercise of the discretion of the court, and that such ruling may be assigned as error. See opinion by Chief Justice SHARKEY in *Turney v. State*, 8 Smedes & M., 120; *Gunter v. Watson*, 4 Jones (Law), 455. Because the error may have prejudiced the plaintiff in error, it is fatal to the conviction.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.